GEORGE N. CLARK, PLAINTIFF, v. CHARLES W. SQUIRES, DEFENDANT.

Submitted May 11, 1928—Decided November 30, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff, *Thomas Brown.*

For the defendant, *Winfield S. Angleman.*

PER CURIAM.

The rule is founded upon a claim that the damages allowed the plaintiff were inadequate, and we conclude from examining the case that this claim is correct. Clark is a wholesale milk dealer and sued for milk supplied to the defendant under an oral agreement for thirty cans a day at $2.80 a can; and the defendant admitted receiving milk to the extent of $2,917.60, for which he had not paid.

The defense was a counter-claim, viz., that Clark had agreed to deliver thirty cans a day, that he defaulted in that agreement, that deliveries gradually diminshed and presently ceased altogether, so that defendant was required to buy elsewhere at higher prices, and for this he counter-claimed to an amount which if allowed would wipe out the plaintiff's claim. The plaintiff's reply to this was that he had not delivered the thirty cans because the defendant failed to pay him at the time specified and thereby breached the contract on his part; and particularly that the defendant gave him checks which came back unpaid, &c. All this was duly laid before the jury. The trial judge paid particular attention to the counter-claim and advised the jury in his charge that according to the testimony of the defendant the damage due to his being compelled to buy at a higher price, if the jury so found, did not exceed $897.20. The plaintiff's counsel figures it at a still lower sum, but if either was right, the verdict should have been for a considerably larger amount than was actually returned, viz., $1,302.26, which counsel for the defendant does not, as we read his brief, undertake to explain. Taking the case at its best for the defendant, the verdict was plainly inadequate and must be set aside and a new trial awarded on the ground of damages only.